UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00289-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **REGINALD ANTHONY HUNTER,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter (#57) from defendant again complaining about the adequacy of care he is receiving from the Bureau of Prisons while incarcerated at USP Big Sandy, which is located in Inez, Kentucky, within the Eastern District of Kentucky. Construed in a light most favorable to defendant, he appears to be attempting to bring a cause of action for violation of his right to adequate medical care.

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court created, apart from the FTCA, an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights. <u>Yokum v. Frank</u>, 937 F.2d 604, 1991 WL 118008, *2 (4th Cir. July 3, 1991). In the context of a person incarcerated in the BOP bringing a <u>Bivens</u> action, the Supreme Court has held, as follows:

> [i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

1

Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). This Court lacks jurisdiction over any Bivens claims concerning actions allegedly occurring at USP Big Sandy FCI because that facility is located in the Eastern District of Kentucky. This Court's jurisdiction over federal prisoner complaints is limited to federal correctional facilities in the Western District of North Carolina, of which there are none. Defendant is advised that any Bivens claim must be brought in that district.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant is seeking relief from this Court in his letter (#57), that request is denied.

Signed: March 15, 2018

Max O. Cogburn Jr
United States District Judge