UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00421-MOC
(3:12-cr-00289-MOC-1)

| | | |
|---|---|---|
| **REGINALD ANTHONY HUNTER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Reginald Anthony Hunter's pro se "Motion to Vacate Order Dismissing Action of Previously Filed Sec. 2255 pursuant to Rule 60(b)/Fed. R. Civ. P." (Doc. No. 1.) For the reasons stated herein, the Court construes Petitioner's Motion as an unauthorized, successive Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255.

**I.    BACKGROUND**

On December 20, 2012, Petitioner pled guilty pursuant to a plea agreement to one count of Armed Bank Robbery by Force or Violence, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of Use and Carry a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). Plea Agree., Doc. No. 21; Entry of Plea, Doc. No. 22.[1] The Court sentenced Petitioner to 202-months imprisonment for the armed robbery and 60

---

[1] Unless otherwise indicated, docket citations not in parenthesis are from Petitioner's underlying criminal case, United States v. Hunter, No. 3:12-cr-00289-MOC-1 (W.D.N.C.), and docket citations in parenthesis are from the instant civil action.

1

months in prison, to be served consecutively, for the firearm offense. J., Doc. No. 36. Judgment was entered on June 10, 2014. Id.

Petitioner timely noticed an appeal. In that appeal, counsel filed an Anders brief but questioned whether Petitioner was properly classified as a career offender. In a supplemental pro se pleading, Petitioner argued that: (1) this Court misunderstood its authority to impose a variance; (2) he had been excluded from a sidebar conference at sentencing; and (3) counsel had provided ineffective assistance. The Fourth Circuit held that Petitioner was properly sentenced as a career offender, that this Court understood its authority to vary from the advisory guidelines range, and that "the sidebar was on the record and was merely to consult as to the appropriate application of the Guidelines." United States v. Hunter, 589 F. App'x 196, 197 (4th Cir. 2015) (unpublished). Because there was no conclusive showing of ineffective assistance on the record, the appellate court found that any such claims should be pursued under 28 U.S.C. § 2255. Id.

On July 22, 2015, Petitioner filed a § 2255 Motion to Vacate raising a series of ineffective assistance of counsel claims, including that: 1) counsel failed to investigate Petitioner's "medical condition prior to the plea hearing, told [Petitioner] to lie to the Court as to the medications he was taking, and generally manipulated him into accepting the plea, making the plea unknowing and involuntary"; 2) counsel was deficient in plea negotiations; and 3) counsel was ineffective by participating in a sidebar during the sentencing hearing. See Order Dismiss. Mot. to Vacate, Hunter v. United States, No. 3:15-cv-00333-MOC (W.D.N.C. filed Feb. 5, 2016), Doc. No. 21. After permitting Petitioner to file three supplements to his § 2255 Motion and requiring the Government to respond to the Motion, the Court entered an Order granting the Government's Motion to Dismiss and dismissing the Motion to Vacate with prejudice. Id.

Petitioner appealed. On July 22, 2016, the Fourth Circuit issued an unpublished per curiam opinion dismissing the appeal because Petitioner failed to make the requisite showing required for a certificate of appealability. United States v. Hunter, 654 F. App'x 635 (4th Cir. 2016).

According to Petitioner, he next filed a request under 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive § 2255 motion in the district court, which was denied on April 26, 2018. (Rule 60(b) Mot. 2, Doc. No. 1.) Petitioner filed the instant "Motion to Vacate Order Dismissing Action of Previously Filed Sec. 2255 pursuant to Rule 60(b)/Fed. R. Civ. P." on July 24, 2018, when he signed it under penalty of perjury and placed it in the prison mailbox (Rule 60(b) Mot. 7.) See Houston v. Lack, 487 U.S. 266, 267 (1988).

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for specific reasons, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Where a party seeks relief from a final judgment based on mistake, newly discovered evidence, or fraud or misconduct by an opposing party, the party must file its motion within a year after the entry of the judgment. Fed. R. Civ. P. 60(c). A party may not seek relief under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief," on any basis that is covered in subsections (1) through (5) of Rule 60(b), and relief may not be granted, unless the party filing the motion has a meritorious claim or defense, the opposing party will not be unfairly prejudiced by having the judgment set aside, and the reason for seeking relief could not have been addressed on appeal from the judgment. Aikens v.

3

Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (emphasizing that a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved").

While Rule 60(b) is a rule of civil procedure, it applies to proceedings filed under § 2255 "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. 28 U.S.C. § 2255 Rule 12; see also Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). Therefore, a Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez, 545 U.S. at 531–32). A successive habeas petition may not be filed in district court without preauthorization from the appropriate court of appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion and is not subject to the preauthorization requirement. McRae, 793 F.3d at 397 (quoting Gonzalez, 545 U.S. at 531-32).

Petitioner contends, as he did in his Motion to Vacate and supplements, see Hunter, No. 3:15-cv-00333-MOC, Doc. Nos. 1, 6, 12, that counsel was ineffective for failing to investigate his reports of traumatic brain injury, which, Petitioner alleges, caused cognitive deficits impairing his ability to consult with counsel, understand the proceedings against him, and enter a knowing and voluntary guilty plea (Rule 60(b) Mot. 3). In its Order dismissing Petitioner's Motion to Vacate, the Court observed,

> [T]here is absolutely no evidence that petitioner's plea was unknowing or involuntary based on any cognitive deficit. The notes from petitioner's physicians indicated that he received treatment for bulging discs in his neck. There is no evidence of any brain injury. Indeed, the evidence indicates that the surgery he received while in jail for his bulging discs was remarkably successful. Perhaps most instructive is petitioner's demonstrated ability to discover an error in his Plea Agreement and report it to his attorney, who then negotiated an amendment. In

4

> addition, the court has reviewed petitioner's answers to the questions posed by the court and notes as it did at sentencing his remarkable skills at allocution.

See Mem. & Order Dismiss. Mot. to Vacate at 14, Hunter, No. 3:15-cv-00333-MOC, Doc. No. 21. Petitioner seeks to reopen his Motion to Vacate, citing what he asserts is newly discovered evidence of brain injury.

As noted previously, where a party seeks relief from a final judgment based on newly discovered evidence, the party must file its motion within a year after entry of the judgment. Fed. R. Civ. P. 60(c). Judgment was entered in Petitioner's § 2255 action on February 5, 2016, see Hunter, id. at Doc. No. 22, more than three years before he filed the instant Rule 60(b) Motion. More importantly, however, Petitioner's Rule 60(b) Motion does not attack "the integrity of the federal habeas proceedings." See Gonzalez, 545 U.S. at 531-32. Instead, Petitioner merely reasserts the claim raised in his Motion to Vacate and adds what he alleges is additional documentary support.

Where a petitioner seeks relief from a criminal judgment under Rule 60(b), courts must treat such a motion as seeking successive post-conviction relief "when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). In Winestock, the Fourth Circuit provided "a relatively straightforward guide" for determining when a Rule 60(b) motion is actually an attempted successive collateral review application: "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207.

5

Here, Petitioner seeks to attack the validity of his criminal judgment through newly discovered evidence. His Rule 60(b) Motion is therefore properly characterized as a motion under § 2255. Because the Court dismissed Petitioner's prior Motion to Vacate on the merits, he must first obtain authorization from the Fourth Circuit before he may proceed in this Court with a second or successive habeas motion. See § 2255(h) (appropriate court of appeals must certify a second or successive motion for filing); Winestock, 340 F.3d at 206-207.

Petitioner also contends that his § 2255 action should be reopened because trial counsel was ineffective for: 1) failing to research whether Petitioner's criminal record qualified him for a mandatory life sentence under 18 U.S.C. § 3559; 2) failing to prepare to seek a downward variance at sentencing; and 3) advocating during a sidebar that Petitioner receive an enhanced sentence. (Rule 60(b) Mot. 4-5.) Each of these allegations either reargues a claim raised in the Motion to Vacate or attacks this Court's resolution of a claim on the merits. As such, Petitioner's Rule 60(b) Motion is not a true Rule 60(b) motion, but rather a successive habeas application subject to the preauthorization requirement of § 2244(b)(3)(A). See Winestock, 340 F.3d at 206-207.

### III. CONCLUSION

The Court finds that Petitioner's "Motion to Vacate Order Dismissing Action of Previously Filed Sec. 2255 pursuant to Rule 60(b)/Fed. R. Civ. P." is, in substance, a successive § 2255 petition. According to Petitioner, he sought but failed to obtain prior authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 habeas motion. (Rule 60(b) Mot. 2.) Without the Fourth Circuit's pre-filing authorization, this Court does not have jurisdiction to consider Petitioner's successive § 2255 Motion. See Winestock, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an

application containing abusive or repetitive claims.") Accordingly, Petitioner's Rule 60(b) Motion shall be dismissed as an unauthorized, successive § 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion to Vacate Order Dismissing Action of Previously Filed Sec. 2255 pursuant to Rule 60(b)/Fed. R. Civ. P." (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 6, 2018

Max O. Cogburn Jr
United States District Judge