# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:12-cr-289-MOC-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **vs.** | **)** | |
| | **)** | **ORDER** |
| **REGINALD ANTHONY HUNTER,** | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 61). Defendant, a 57-year-old black male currently incarcerated at FCI Williamsburg in Salters, South Carolina, seeks a reduction of his sentence based on the COVID-19 pandemic. Defendant seeks release based on his age and various medical conditions that he contends make him more susceptible to contracting COVID-19.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." The Court notes that the BOP denied Defendant's request on April 20, 2020, finding that his circumstances do not warrant granting him early release. (Doc. No. 61-1 at 5). Specially, the BOP stated in its denial letter:

> This is in response to your Inmate Request to Staff, wherein you are requesting to be considered for early release pursuant to 18 U.S.C. 3582(c)(1)(A). You are requesting to be considered for a Compassionate Release based on Extraordinary and Compelling Circumstances. Specifically, you state you suffer from a "medical condition." Further, you state you should receive a Reduction in Sentence based on "reasons described in subdivisions (A) through (C) of Sentencing Commission Policy Statements."
> . . . [M]edical staff have determined that you do not meet the criteria under Debilitated Medical Condition. The medical evaluation concluded that you do not meet the criteria required by the Program Statement of being capable of only limited self-care or being confined to a bed or chair more than 50 percent of waking hours. The evaluation concluded that all of your conditions are controlled through

medication.  Additionally, you are capable of performing activities of daily living (ADL) without assistance and are capable of carrying out self-care.

Changes in Sentencing Guidelines do not constitute "extraordinary and compelling circumstances" that would warrant consideration for a Reduction in Sentence.

(Id.).

This Court finds, as did the BOP, that Defendant has not established extraordinary and compelling reasons to warrant a sentence reduction at this time.  Defendant has not submitted evidence to the Court showing that he has an increased health risk from COVID-19.  As the Third Circuit has recognized, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).  For these reasons, the motion is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 61), is **DENIED**.

Signed: July 22, 2020

Max O. Cogburn Jr.
United States District Judge