# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cr-289-MOC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **REGINALD ANTHONY HUNTER,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 68). Defendant, a 57-year-old black male currently incarcerated at FCI Williamsburg in Salters, South Carolina, seeks a reduction of his sentence based on the COVID-19 pandemic.

Defendant is a recidivist who robbed seven banks between 1993 and 2012. After he served separate sentences for two sets of federal bank robbery convictions and while he was on federal supervised release, he used a gun to rob another bank. He has served less than half of his sentence for his most recent robbery conviction and supervised release violation. Despite having been fully vaccinated, Defendant asks that this Court release him from prison mainly due to Covid-19 and his underlying medical issues.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." Defendant has not established extraordinary and compelling reasons to warrant a sentence reduction. Defendant has not submitted evidence to the Court showing that he has an increased health risk from COVID-19, particularly given that he has now been fully vaccinated for COVID-19. As the Third Circuit has recognized, "the mere existence of COVID-19 in society and the possibility that it may spread to

a particular prison alone cannot independently justify compassionate release." United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

In any event, even if Defendant could establish an extraordinary and compelling reason for compassionate release, the § 3553(a) factors strongly disfavor a sentence reduction. The sentencing factors direct the Court to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, protect the public from future crimes of the defendant, and provide just punishment. Further, the Court is directed to consider the history and characteristics of defendant and the need for the sentence to afford adequate deterrence to criminal conduct. These factors weigh against any reduction in Defendant's sentence, given Defendant's lengthy criminal history and his high risk of recidivism. For all these reasons, the motion is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 68), is **DENIED**.

Signed: March 17, 2021

Max O. Cogburn Jr
United States District Judge