UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-289-MOC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| REGINALD ANTHONY HUNTER | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Hunter's pro se motion for compassionate release. (Doc. No. 102). For the following reasons, Defendant's motion will be **DENIED**.

I. Background

On April 26, 2012, Defendant committed an armed bank robbery in Charlotte, North Carolina. (Doc. No. 30 at 3). Defendant entered the bank, announced the robbery, and handed the bank tellers a bag while pointing a gun at the tellers and a customer. (Id.). The bank suffered a net monetary loss of $2,590. (Id. at 4).

Defendant was charged on September 18, 2012, with Armed Bank Robbery by Force or Violence in violation of 18 U.S.C. §§ 2113(a) and (d) and Use and Carry of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924 (c)(1)(A). (Id. at 3). Defendant entered into a plea agreement with the Government on December 20, 2012. (Doc. No. 21). Based on Defendant's total offense level of 31 and criminal history category of VI, the probation office recommended a sentence of between 262 and 327 months' imprisonment for Counts One and Two.

(Doc. Nos. 30, 31). The Court sentenced Defendant to 262 months in prison plus five years of supervised release. (Doc. No. 36).

Defendant has filed three prior motions for compassionate release. (Doc. Nos. 61, 68, 86). This Court denied all three motions. (Doc. Nos. 62, 75, 91). Having exhausted his administrative remedies, Defendant now comes before this Court with his fourth motion for compassionate release. (Doc. No. 102).

II.     Applicable Law

Once a defendant properly exhausts his administrative remedies, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Mr. Hunter's motion for compassionate release.

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. See, e.g., United States v. Neal, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.); United States v. Adeyemi, 2020 WL 3642478, at *16 (E.D. Pa. July 6,

2020) (Kearney, J.). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." United States v. Willis, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (Johnson, J.) (citations omitted).

Section 1B1.13(b) enumerates six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

Medical circumstances constituting an extraordinary and compelling justification for compassionate release include terminal illnesses; serious medical conditions, impairments, or deteriorations of health caused by aging; and medical conditions that require long-term or specialized medical care that is not being provided and present a risk of serious deterioration in health. U.S.S.G. § 1B1.13(b)(1). A Court may also find extraordinary and compelling reasons justifying compassionate release if the defendant shows that they are housed at a facility affected by an ongoing outbreak of infectious disease, defendant is at increased risk of suffering severe medical complications as a result, and this risk cannot be adequately and timely mitigated. Id.

### III. Discussion

Defendant suffers from several medical conditions including a pituitary adenoma, elevated levels of the hormone "aldolase," lingering effects of the COVID-19 virus, and Post Incarceration Syndrome ("PICS"). (Def. Br. at 2, 3, 4, 7). Defendant contends that he is not receiving adequate healthcare from the BOP to address these conditions. Specifically, he states that his facility transfer has delayed the treatment of his pituitary adenoma, and this delay places

him "at risk of serious deterioration in health or death." (Def. Br. at 5). He also states that his new prison facility is understaffed, and his confinement throughout the COVID-19 pandemic presents a compelling reason for a sentence reduction. But Defendant has not shown that these conditions create an extraordinary and compelling reason to justify compassionate release.

Defendant's medical records suggest that he is receiving healthcare in prison. Defendant has been examined by a neurologist for his pituitary adenoma and elevated aldolase levels, has had bloodwork completed, and has had medications prescribed. Defendant has also completed 15 education courses, totaling 253 hours of classroom instruction, including various mental health treatment courses. Lastly, while COVID-19 affected the BOP greatly, Defendant cannot show that the incidence of COVID in his facility specifically creates an extraordinary and compelling reason justifying compassionate release. Therefore, Defendant's medical circumstances do not constitute an extraordinary and compelling justification for compassionate release, and his motion (Doc. No. 102) will be denied. Because Defendant fails to identify an extraordinary and compelling justification for compassionate release, the Court need not address the 18 U.S.C. § 3553(a) factors.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for compassionate release (Doc. No. 104) is **DENIED.**

Signed: July 18, 2024

Max O. Cogburn Jr
United States District Judge